# IN THE UNITED STATES FEDERAL DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBIN CRUCE AND JOSEPH J. CRUCE ) | |
| ) | Case No. 3:12-cv-01099 |
| Plaintiffs, ) | Member Case No.: |
| ) | 3:12-cv-01127 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| BOUMA CONSTRUCTION, INC. ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01, this initial case management order is submitted by the counsel representing the parties above. Counsel for the Plaintiffs and Defendant request that this Order be entered into by this Honorable Court.

    A.    <u>Jurisdiction</u>:    The court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331

    B.    <u>Brief Theories of the Parties</u>:

    1.    <u>Plaintiffs' Theory</u>:    Ms. Cruce was subjected to malicious gender harassment and discrimination and ultimately terminated from her position as a forklift operator with Bouma Construction, Inc. ("Bouma"). Another one of Bouma's employee's, Ben McPeck, told Ms. Cruce on multiple occasions that the worksite was no place for a woman and that she did not belong. Mr. McPeck was verbally abusive and physically threatening to Mrs. Cruce. On one occasion, Mr. McPeck blocked Mrs. Cruce's exit on the company transport vehicle, verbally interrogating her because he did not have access to the forklift keys. Mr. McPeck told her loudly and abusively that she had no right to work there because she is a woman.

1

Mrs. Cruce complained to her supervisors and others at Bouma about Mr. McPeck's discriminatory, threatening, and harassing behavior. Her husband also complained about Mr. McPeck and gave a statement to Bouma in the course of its investigation into Cruce's complaints. After the complaints were made, Mr. McPeck was reprimanded, but the harassment continued. He called Mrs. Cruce several rude and profane names. Mrs. Cruce again complained, as did Mr. Cruce.

Rather than taking actions to stop the discriminatory behavior of Mr. McPeck, Bouma chose to "lay off" both Mr. and Mrs. Cruce. Mrs. Cruce was "laid off" in mid-September and Mr. Cruce was "laid off" in early October. After Mrs. Cruce's "lay-off," Bouma immediately replaced her by bringing in other male workers. These "lay-offs" were a smokescreen for Bouma's retaliation for the Cruces' complaints about the treatment Mrs. Cruce received from Mr. McPeck and their participation in the investigation of those complaints.

2. <u>Defendant's Theory</u>:

From March 1, 2011 through February 3, 2012, Bouma contracted with W.G. Yates & Sons Construction Company to perform work as a subcontractor at the Nissan EV Battery Plant in Smyrna, Tennessee. Mr. Cruce was hired in March 2001. Ms. Cruce was hired on July 11, 2001.

On July 27, 2011, Ms. Cruce and another Bouma employee, Ben McPeck, had a verbal altercation on a Company bus. Several workplace issues sparked the dispute, but Ms. Cruce's gender was not one of them. Bouma had provided temporary housing for its out-of-state employees working at the Nissan plant. The employees shared the housing and Bouma restricted the ability of the employees to have spouses or significant others stay with them in Company housing out of respect for their roommates. Mr. McPeck apparently believed that Ms. Cruce,

2

before she had been hired by the Company, had violated this rule by staying with her husband. Any reference by Mr. McPeck to the effect that Ms. Cruce was not supposed to be there was a reference to the fact that she had not supposed to be staying with her husband prior to being hired; not that she did not belong on the jobsite because of her gender.

In any event, when this event was brought to management's attention, the Company investigated the incident. Plaintiffs admit that Mr. McPeck was reprimanded. Plaintiffs also related to management that they were satisfied with the Company's response. Neither Plaintiff made any additional complaints or reports of harassment to Company management.

By mid-September 2011, work began to wind down on the Nissan jobsite and Bouma began to layoff employees. Ms. Cruce, one of the last employees hired for the Nissan project, was laid off in mid-September with 7 other employees. Mr. Cruce was laid off in mid-October with 10 other employees.

Bouma denies that Ms. Cruce was subject to a hostile work environment and further states that the Company immediately responded to her only complaint regarding Mr. McPeck's behavior. Furthermore, the decisions to lay-off Plaintiffs was not retaliatory but not for legitimate business reasons associated with the end of the Nissan project.

C. <u>Issues Resolved</u>: The parties agree that jurisdiction and venue are not in dispute in this matter.

D. <u>Issues in Dispute</u>: The issues of liability and damages are in dispute at this time.

E. <u>Initial Disclosures</u>: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **January 14, 2013**.

F. <u>Discovery</u>: All discovery shall be completed by **September 2, 2013.** Local Rule 33.01(b) is expanded to allow forty (40) interrogatories, including subparts. The deadline for filing discovery related motions is **September 16, 2013**. Discovery is not stayed during a dispositive motion, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

.

G. <u>Motions to Amend</u>: The parties shall file all Motions to Amend the Pleadings **on or before April 15, 2013**.

H. <u>Disclosure of Experts</u>: Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 15, 2013**. Defendant shall identify and disclose all expert witnesses and expert reports on or before **August 15, 2013**. Plaintiff shall identify and disclose all rebuttal expert witnesses and expert reports on or before **September 2, 2013**.

I. <u>Depositions of Expert Witnesses</u>: The parties shall depose all expert witnesses on or before **October 15, 2013**.

J. <u>Mediation</u>:

K. <u>Dispositive Motions</u>: The parties shall file all dispositive motions on or before **September 30, 2013**. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>25 pages</u>.

.

.

.

L. <u>Electronic Discovery</u>: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order 174 need not apply to this case.

M. <u>Estimated Trial Time</u>: The parties expect the trial to last approximately three (3) days.

N. _____ _____ _____.

O. <u>Trial</u>: The target trial date for this matter (jury trial) is February 4, 2014.

It is so **ORDERED**.

_____
E. Clifton Knowles
U.S. District Magistrate Judge


APPROVED FOR ENTRY:

/s/ Tara L. Swafford
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Lauren C. Barron BPR # 27968
207 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 482-0187
Facsimile: (615) 794-8239
*Attorney for Plaintiffs*
tara@swaffordlawfirm.com

/s/ J. Scott Hickman
Sherrard & Roe, PLC
J. Scott Hickman BPR # 17407
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 742-4539
Facsimile: (615) 742-4539
*Attorneys for Defendant*
shickman@sherrardroe.com